**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jody Demar FONTENOT,**
**Defendant–Appellant.**

No. 11–10368.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2012.*

Filed June 15, 2012.

Kathryn Haun, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Geoffrey A. Hansen, Chief Assistant Federal Public Defender, FPDCA–Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: GOULD, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM **

Jody Fontenot appeals the district court's denial of his motion for suppression of evidence and his subsequent conviction, following a bench trial, for having violated 18 U.S.C. § 922(g)(1), which prohibits felons' possession of firearms. The parties are familiar with the facts underlying the appeal and thus we do not include them save as necessary. We affirm.

A police officer may detain an individual to conduct an investigatory frisk consistent with the Fourth Amendment if the officer has "a reasonable articulable suspicion that [the individual] pose[s] a threat to his safety or the safety of others...." *United States v. Terry–Crespo*, 356 F.3d 1170, 1173 (9th Cir.2004) (citing *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)); *see also Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, the police had a reasonable articulable suspicion that Fontenot posed a threat to the safety of others. The police had received a high priority 9–1–1 dispatch that, in the parking lot of a liquor store on the corner of Geneva Avenue and Santos Street in San Francisco, there was a group of "guys" in front of the store and one of them was pulling out a gun. On arrival four minutes after the 9–1–1 call was made, the police saw only one group in the parking lot, a group of three males, one of whom was Fontenot. This met the requirement of " 'some minimal level of objective justification' for making the stop." *United States v. Sokolow*, 490 U.S. 1, 7,

109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (quoting *INS v. Delgado*, 466 U.S. 210, 217, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984)). Further, as discussed by the district court in its opinion below, the 9–1–1 dispatch and the police had received an emergency call from a cell phone with the phone number identified; this "provided the police with sufficient indicia of reliability *prior* to the *Terry* stop to justify reliance on [the call.]" *Terry–Crespo*, 356 F.3d at 1174 (referring to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868), because it removed a good deal of the anonymity of the call.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.